UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Xavier L. McCoy, | ) | C/A No. 4:10-1687-JFA-TER |
| | ) | |
| Plaintiff, | ) | ORDER |
| vs. | ) | |
| | ) | |
| Mr. Lt. Meredith; Mr. Capt. Miller; and Ms. Dr. Parker, Individually Capacities and in they official capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Xavier L. McCoy, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate currently housed by the South Carolina Department of Corrections (SCDC) at the McCormick Correctional Institution. In his complaint, the plaintiff contends that his constitutional rights were violated by the defendants while he was incarcerated at the Perry Correctional Institution (PCU), another SCDC facility. Specifically, the plaintiff contends that while he was housed at the Special Management Unit (SMU) at PCU, he was denied the right to take a shower on two occasions resulting in a rash, and that the rash was improperly diagnosed or treated by medical personnel at PCU.

The Magistrate Judge assigned to this action[1] prepared a Report and Recommendation

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

suggesting that the defendants' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 30, 2011, and he has done so in a five-page objection memorandum filed with the Clerk. The defendants have filed a reply to the plaintiff's objections as well.

After carefully considering the Report and Recommendation and the plaintiff's objections thereto, the court is constrained to agree with the Magistrate Judge that this action should be dismissed with prejudice.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir.1990).

With regard to the alleged deprivation of shower opportunities, the Magistrate Judge is of the opinion that the plaintiff has failed to prove that he was deprived of a "basic need" and that the deprivation was a result of the deliberate indifference on the part of the defendants.  Specifically, SCDC regulations provide that inmates housed at SMU are ordinarily allowed to shower three times per week, but this right is not guaranteed as the opportunity to shower is contingent upon behavioral and/or medical exceptions.  Moreover, even if the right to shower is denied, the plaintiff has available in his cell a sink, soap, water,

3

and other materials that would allow him to clean himself and thereby prevent a rash from occurring. Medical records in the file indicate that the rash was not caused by the plaintiff's failure to shower, but was rather caused by a fungus. Moreover, the Fourth Circuit Court of Appeals has held that one shower per week for inmates in administrative segregation does not violate the Eighth Amendment of the United States Constitution. *Langston v. Fleming*, 1994 WL 560765 (4th Cir. 1994), *citing Davenport v. DeRobertis*, 844 F.2d 1310, 1316–17 (7th Cir. 1998).

Regarding the plaintiff's fungal rash, the Magistrate Judge correctly observes that ordinary medical malpractice, or ordinary negligence, is not sufficient to state a claim under § 1983. Instead, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Thus, as to the medical treatment claim, even viewing all the evidence in the light most favorable to the plaintiff, the evidence does not demonstrate such a constitutional violation.

The plaintiff's objections to the Report consist of little more than citations to cases that have only a tangential relationship to the facts of this case, together with conclusory allegations and a statement that his case "should go to trial." After carefully reviewing the objections, the court determines that they should all be overruled.

Accordingly, the Report and Recommendation is incorporated herein by reference; the defendants' motion for summary judgment (ECF No. 65) is granted; and this action is dismissed with prejudice.

Additionally, plaintiff's motions for appointment of counsel (ECF Nos. 110, 111) are denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

June 6, 2011
Columbia, South Carolina

5